OPINION
Defendant-appellant, the School Employees Retirement System (SERS), appeals the decision of the Columbiana County Court of Common Pleas issuing a Qualified Domestic Relations Order (QDRO) in a divorce action.
Plaintiff-appellee, Myrtle Barnes, and defendant, Larry Barnes, were married on June 13, 1980. On May 5, 1998, appellee filed a complaint for divorce in the Columbiana County Court of Common Pleas. Subsequently, on October 1, 1998, the trial court entered a journal entry granting the parties a divorce and incorporating the terms of a separation agreement entered into between the parties. The separation agreement provided for an equal division of Larry Barnes' SERS retirement fund earned during the course of the marriage. In its journal entry, the trial court stated that it would use a QDRO in order to assure that appellee received her share of the retirement funds. As such, appellee was permitted to amend her complaint to include SERS as a party defendant in order that any objections on the part of SERS with respect to the QDRO could be litigated. The same day, October 1, 1998, appellee amended her complaint accordingly.
On November 6, 1998, SERS filed an answer asserting that Larry Barnes' pension benefits were not subject to execution by process of law and that no administrative mechanism existed through which SERS could pay benefits to appellee, a non-SERS member. Thereafter, on February 12, 1999, appellee filed a motion for judgment on the pleadings/motion for summary judgment requesting that the trial court issue the QDRO.
On March 16, 1999, the trial court issued its decision finding that SERS was subject to a QDRO. In reaching its decision, the trial court's entry stated as follows:
 "This matter has been similarly decided by Judge Douglas C. Jenkins of this Court, in Ciavarella v. Ciavarella, 97-DR-201, concerning the Ohio Public Employees Deferred Compensation Board and Police and Firemen Disability and Pension Fund of the Ohio Board of Trustees. In Ciavarella Judge Jenkins found that these two funds, even though covered by similar statute and case law cited by the Defendant S.E.R.S. in this case, were subject to an order of this Court to segregate such funds, and either subject to a QDRO or to other order of this Court, segregating the interests of the parties in the appropriate funds for future distribution by the plans.
 "This Court adopts Judge Jenkins' reasoning in the Ciavarella
case.
"Plaintiff's Motion for Summary Judgment is granted."
Accordingly, the trial court ordered the issuance of a QDRO to segregate the interests of the parties into appropriate funds for future distribution by SERS. In addition, the trial court ordered the issuance of an alternative Domestic Relations Order in the event that the QDRO was determined to be invalid. It is from this decision that SERS brings this timely appeal.
SERS presents two issues for review, both of which challenge the trial court's decision to issue the QDRO. SERS argues that the issuance of a QDRO violates the statutory terms and conditions of the SERS plan. Specifically, SERS notes that pursuant to R.C. 3309.66 only a limited number of exceptions exist to the general rule that a pension member's account may not be reached by a non-member. SERS argues that a member's account may be divided where a member has been found guilty of theft in office or certain sexual offenses or where a member is ordered to provide spousal or child support payments. However, SERS argues that by enacting these narrow exceptions to the general anti-alienation provision set forth in R.C. 3309.66, the legislature clearly demonstrated that it did not intend to exempt QDROs.
Despite the trial court's apparent frustration therewith, it is well settled in Ohio that public pension funds are not subject to QDROs. See, e.g., Ricketts v. Ricketts (1996),109 Ohio App.3d 746, 752 (Police and Firemen's Disability and Pension Fund not subject to QDRO); Sprankle v. Sprankle (1993),87 Ohio App.3d 129, 134 (State Teachers Retirement System not subject to QDRO); Haller v. Haller (Mar. 18, 1996), Warren App. No. CA95-06-063, unreported, 1996 WL 116140 (School Employees Retirement System not subject to QDRO); Graham v. Graham (Sept. 7, 1993), Greene App. No. 92CA-114, unreported, 1993 WL 350038 (Public Employees Retirement System not subject to QDRO). Just recently, this court has itself noted the difficulties involved in dividing public pension benefits. Patsey v. Patsey (Dec. 16, 1998), Columbiana App. No. 96-CO-52, unreported, 1998 WL 896455. In Patsey, supra, we specifically stated that "[d]ealing with a public pension such as a STRS pension plan is particularly troublesome in that it is not covered by the Employee Retirement Income Security Act of 1974 [`ERISA'] and has refused to recognize Qualified Domestic Relations Orders [`QDRO']."
Notwithstanding the prior decisions of this court and other appellate courts in Ohio, the trial court relied instead on the reasoning of the trial court in Ciavarella v. Ciavarella
97-DR-201, in which Judge Jenkins issued a QDRO against the Police and Fireman's Disability and Pension Fund. The court's decision inCiavarella has since been reversed by this court in Ciavarellav. Ciavarella (Oct. 20, 1999), Columbiana App. No. 98-CO-53, unreported, 1999 WL 979238, wherein we reaffirmed that, for better or for worse, public pensions in Ohio remain exempt from QDROs. As such, Judge Jenkins' decision in Ciavarella v.Ciavarella, 97 D.R. 201, provides no basis for the trial court's decision in the instant case.
Accordingly, the decision of the trial court is hereby reversed and the matter remanded for further proceedings consistent with this opinion.
Cox, J., concurs. Waite, J., concurs.
 ____________________ Gene Donofrio, Judge